**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR424-106 |
| | ) | |
| SERGEY NECHAEV, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Sergey Nechaev pleaded guilty to one count of violation of the Export Control Reform Act, one count of attempted smuggling, and one count of submitting false or misleading export information. Doc. 69 at 1. He was sentenced to forty-one months of incarceration as to each count, to be served concurrently, and a two-year term of supervised release. *Id.* at 2-3. He filed a Motion to Vacate, Set Aside, or Correct his sentence, pursuant to 28 U.S.C. § 2255. Doc. 73. Because his Motion was not filed on the form required by the Rules Governing Section 2255 Cases, the Court directed him to submit an Amended Motion. *See generally* doc. 74.

That Order warned him that failure to comply could result in dismissal of his Motion. *Id.* at 2. He has not complied. *See generally* docket.

Nechaev's failure to respond to the Court's Order provides a basis to dismiss his § 2255 Motion. This Court has the authority and responsibility to manage its docket. Pursuant to that authority, a district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1] *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). A § 2255 movant's failure to prosecute warrants dismissal under Rule 41. *See Hawthorne v. United States*, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022) ("The district court did not abuse

[1] Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure may apply, to the extent that they are not inconsistent with the Section 2255 Rules.

its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and to comply with the court's order." (citation omitted)).

Nechaev's § 2255 Motion should, therefore, be **DISMISSED**. Doc. 73. Civil Action CV426-153 should be **DISMISSED** in its entirety. To the extent that Nechaev wishes to submit his Amended Motion out of time, he is free to do so within the objections-period discussed below, but he must also explain his failure to respond timely. The Clerk is **DIRECTED** to enclose a blank copy of Form AO 243 (Motion to Vacate / Set Aside Sentence (Motion Under 28 U.S.C. § 2255)) with the service copy of this Order for Nechaev's convenience.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 10th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA